Samuel R. PIERCE, Jr., Appellee,

v.

Lee AMARAL; Patricia Ann Birchler; James H. Brewer; Donald Bridges; Jim Brown; Judy C. Brown; Henry Patrick Cawley; July Chamblee; Jerry Chapman; Mike W. Coleman; Raymond W. Curley; Syble Rae Daniel; Jerry A. Davis; John Deloach; Shabnam Dobbs; Harold Eaves; Wilson Erwin; Fidelity Development Co., Inc.; Tammy Fletcher; Tim C. Fletcher; Deborah Joyce Griggs; Jerry Dean Hall; William Lloyd Hall; Don E. Haynes; James C. Hilton; Charles E. Hoehn; Jack Hoehn;

Walter Forbes Hoehn, Jr., Appellant,

David Walter Judd; Kilgore Developers, Inc.; Kilgore Development Co., Inc.; Kilgore Mining Co., Inc.; Sage Poodrey; Carol Davidson Puett, Jr.; Robert N. Puett, Jr.; Robert Reilly; Gail E. Seaton; Douglas Roland Starnes; Has-

kell O. Starnes; George Stovall; Jake Swan; A. Jan Thomas, Jr.; Tri–State Development Co., Inc.; Union Commerce Energy Group, Inc.; Bill D. Walton; Don Walton; Randy Wooten; and Xco, Inc.

Samuel R. PIERCE, Jr., Appellee,

v.

Lee AMARAL; Patricia Ann Birchler; James H. Brewer; Donald Bridges; Jim Brown; Judy C. Brown; Henry Patrick Cawley; Julie Chamblee; Jerry Chapman; Mike W. Coleman; Raymond W. Curley; Syble Rae Daniel; Jerry A. Davis; John Deloach; Shabnam Dobbs; Harold Eaves; Wilson Erwin; Fidelity Development Co., Inc.; Tammy Fletcher; Tim C. Fletcher; Deborah Joyce Griggs; Jerry Dean Hall; William Lloyd Hall; Don E. Haynes; James C. Hilton;

Charles E. Hoehn, Appellant,

Jack Hoehn; Walter Forbes Hoehn, Jr.; David Walter Judd; Kilgore Developers, Inc.; Kilgore Development Co., Inc.; Kilgore Mining Co., Inc.; Sage Poodrey; Carol Davidson Puett, Jr.; Robert N. Puett, Jr.; Robert Reilly; Gail E. Seaton; Douglas Roland Starnes; Haskell O. Starnes; George Stovall; Jake Swan; A. Jan Thomas, Jr.; Tri–State Development Co., Inc.; Union Commerce Energy Group, Inc.; Bill D. Walton; Don Walton; Randy Wooten; and Xco, Inc.

Nos. 90–2347EA, 90–2348EA.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1991.

Decided June 28, 1991.

---

William H. Luck, argued (Hunter Lane, Jr., on brief), Memphis, Tenn., for appellants.

Wendy Kloner, argued (Stuart M. Gerson, Charles A. Banks, and Anthony J. Steinmeyer, on brief), Washington, D.C., for appellee.

Before FAGG and LOKEN, Circuit Judges, and HAMILTON *, District Judge.

FAGG, Circuit Judge.

Walter Forbes Hoehn, Jr. and Charles E. Hoehn (the Hoehns) appeal from the district court's order granting summary judgment to the Secretary of Housing and Urban Development (the Secretary) under the Interstate Land Sales Full Disclosure Act (the Act), 15 U.S.C. §§ 1701–1720 (1988). We affirm.

The Secretary brought this enforcement action against the Hoehns under section 1714(a) of the Act for selling land in violation of the Act's registration, disclosure, and sales practice provisions. *Id.* § 1703(a)(1)(A)–(C). In granting summary judgment to the Secretary, the district court enjoined the Hoehns from violating the Act, ordered the Hoehns to disgorge the funds they received from sales made in violation of the Act, appointed a receiver to collect the disgorged funds, and ordered the Hoehns to submit annual financial statements to assist the court in enforcing the judgment.

On appeal, the Hoehns make several arguments. Only one of these arguments merits discussion. The Hoehns argue the district court lacks power under section 1714(a) to order disgorgement, appointment of a receiver, and submission of financial statements. The Hoehns contend section 1714(a) limits the Secretary's remedy to an injunction. We disagree.

By authorizing the Secretary to seek an injunction, section 1714(a) allows the Secretary to invoke the district court's equitable jurisdiction. When "Congress allows resort to equity for the enforcement of a statute, all the inherent equitable powers of the district court are available for the proper and complete exercise of the court's equitable jurisdiction, unless the statute explicitly, or 'by a necessary and inescapable inference,' limits the scope of that jurisdiction." *Federal Trade Comm'n v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1314 (8th Cir.1991) (quoting *Porter v. Warner Holding Co.*, 328 U.S. 395, 398, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332 (1946)); *accord Mitchell v. DeMario Jewelry, Inc.*, 361 U.S. 288, 290–92, 80 S.Ct. 332, 334–35, 4 L.Ed.2d 323 (1960).

---

* The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri, sitting by designation.

We find nothing in the wording of section 1714(a) or any other provision of the Act that expressly or inferentially restricts "the inherent equitable powers of the [d]istrict [c]ourt [that] are available for the proper and complete exercise of [the court's equitable] jurisdiction." *Porter,* 328 U.S. at 398, 66 S.Ct. at 1089. Indeed, the language in section 1713 specifying that "[t]he ... remedies provided by [the Act] shall be in addition to ... all other ... remedies that may exist ... in equity" makes it unmistakably clear that the district court's equitable power remains unrestricted in enforcement actions brought under section 1714(a). Thus, we easily conclude the district court has power to order the Hoehns to disgorge, remit, and account for their illgotten gains.

We have carefully considered the Hoehns' other arguments on appeal and find them to be without merit. Accordingly, we affirm.